PER CURIAM:
The claimant brought this action for damage to his vehicle after he encountered a rock on the side of a road maintained by the respondent in Kanawha County.
The incident giving rise to this claim occurred June 8, 1996, on Poca River Road (County Route 33) near Sissonville. The claimant, Justin Cox, was driving a 1982 Malibu Classic when he proceeded onto the berm area to avoid an oncoming truck. Poca River Road in this area is a narrow unstriped road that is secondary in terms of maintenance priority. The evidence adduced at hearing established that when the claimant proceéded onto the berm his vehicle struck a large boulder that was largely concealed by weeds and foliage. The impact with the rock threw the claimant’s vehicle to the side, with the result that the vehicle collided with the passing truck. The claimant’s vehicle sustained damage to the right tire, wheel and fender, as well as the left rear bumper area. The claimant submitted into evidence a repair bill in the amount of $2,619.34. The claimant had liability insurance only.
The evidence established that Poca River Road in this area is approximately 12 feet to 16 *86 feet wide and that the claimant was driving approximately 25 miles per hour. The claimant testified that he dropped onto the berm in order to provide a safe passing distance with the oncoming vehicle. He testified that he was familiar with the road and drove it daily to work.
It is the general rule of the Court that when a motorist is required to use the berm that he is entitled to rely on it, and the respondent may be held liable for failing to maintain the berm in a reasonably safe condition. Meisenhelder vs. Dept. of Highways, (CC-88-149, unpublished opinion issued August 10, 1990) However, the Court is of the opinion that the claimant was also at fault for dropping onto the berm when he could not adequately see road conditions, and that claimant could have stopped his vehicle instead of assuming this risk. The Court finds that although the respondent was at fault for failing to provide a safe berm, the negligence of the claimant was equal to or greater than the negligence of the respondent. Accordingly, the Court is of the opinion to and does deny this claim.
Claim disallowed.